IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON EARL LEWIS PLAINTIFF

V. CIVIL NO. 4:13-cv-04002

CIRCUIT COURT JUDGE
BRENT HALTOM DEFENDANT

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Don Lewis filed this case *pro se* pursuant to 42 U.S.C. § 1983 on January 3, 2013. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Miller County Detention Center ("MCDC") in Texarkana, Arkansas. Plaintiff's address of record indicates he is currently incarcerated in the Arkansas Department of Corrections Cummins Unit in Grady, Arkansas.

In Plaintiff's Complaint, he names Miller County Circuit Court Judge Brent Haltom ("Judge Haltom") as the sole Defendant. Plaintiff claims Judge Haltom violated his rights to due process

and violated the law by failing to excuse himself from Plaintiff's criminal case. ECF No. 1, p. 6. Plaintiff also complains that Judge Haltom signed his arrest warrant and a search warrant connected to his criminal proceedings in Miller County.

Plaintiff goes on to allege that Judge Haltom accused Plaintiff of murdering Judge Haltom's mother in 1993, and for this reason, any criminal proceedings against Plaintiff involving Judge Haltom cannot be fair. Plaintiff requests both equitable relief from his criminal proceedings and compensatory damages.

## II. APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III. DISCUSSION

### A. Judge Haltom

Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Penn v. U.S.,* 335 F.3d 786, 789 (8th Cir. 2003) (judges are entitled to absolute immunity for all judicial actions not taken in complete absence of all jurisdiction); *Robinson v. Freeze*, 15 F.3d

107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is nonjudicial; or (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

Plaintiff claims Judge Haltom presided over his plea and arraignment hearing, and signed the search and arrest warrant related to his criminal proceedings. These actions are all taken in connection with Plaintiff's criminal case before Judge Haltom. Plaintiff's complaint against Judge Haltom is not that he acted outside his jurisdiction or in a nonjudicial capacity, but that he is bias against Plaintiff based on an old investigation into the murder of Judge Haltom's mother. Absolute immunity is not overcome by allegations of bad faith or malice. *Mireles,* 502 U.S. at 12; *Stump,* 435 U.S. at 356-7. Accordingly, Plaintiff has failed to state a cognizable claim against Judge Haltom pursuant to section 1983.

B. *Heck*

Additionally, Plaintiff's claims challenge his charges and conviction. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship

to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. *Heck,* 512 U.S. at 486–87. Plaintiff specifically seeks relief from his criminal conviction, but he did not make any allegations that his criminal conviction has been overturned. A section 1983 claim that would necessarily imply the invalidity of a conviction is premature. *Id.* Thus, Plaintiff's claims regarding the unfair nature of his criminal proceedings and conviction are not cognizable claims under section 1983.

C. Habeas

Moreover, Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

D. Official capacity claim

Plaintiff states in his Complaint that he is suing Judge Haltom in both his official and individual capacities. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those

> which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). Plaintiff's failed to allege any allegations of a custom or policy of Miller County that violated his constitutional rights. "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997). There are no allegations in Plaintiff's Complaint to support an official capacity claim against Judge Haltom. Further, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, Miller County cannot be held liable based merely on the fact it employs Defendants. Therefore, Plaintiff has failed to state an official capacity claim against Judge Haltom.

## III. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

**district court.**

  **DATED** this **24th day of June 2013.**

              /s/ Barry A. Bryant
              HON. BARRY A. BRYANT
              UNITED  STATES  MAGISTRATE  JUDGE